# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ULIOUS BROOKS,<br>　　　Plaintiff, | Case No. 1:16-cv-564 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| JESSICA DALTON, et al.,<br>　　　Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

　　　Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, commenced this action by filing a *pro se* complaint under 42 U.S.C. § 1983 against six SOCF correctional officials and staff members.  (*See* Doc. 1).  On June 14, 2016, he filed a motion for leave to file an amended complaint (Doc. 6), which is hereby **GRANTED** in light of the Sixth Circuit's decision in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).  Although the original complaint listed six defendants, the amended complaint only names three:  SOCF correctional officer Jessica Dalton; SOCF Warden Erdos; and SOCF Deputy Warden Cool. (*See* Doc. 6, Amended Complaint, at PAGEID#: 65; *see also* Doc. 1, at PAGEID#: 3). Therefore, three of the defendants named in the original complaint—Charles Miller, Charles W. Smith and Chad Sed—are no longer parties in this action.

　　　By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of the complaint, as amended, against the three remaining defendants to determine whether the amended complaint, or any portion it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

It appears from the amended complaint that the pleading was filed by plaintiff as an addition to the original complaint with respect to claims asserted against the three remaining defendants. Construing both the complaint and amended complaint liberally, it appears that plaintiff's causes of action against Dalton, Erdos and Cool arose from evidence submitted in response to plaintiff's discovery requests in another related case currently pending before this Court (Case No. 1:15-cv-812), which was filed by plaintiff against SOCF correctional officers

3

Spradlin and Mike Dillow based on a use-of-force incident that occurred at SOCF on November 24, 2015.  (*See* Doc. 1, at PAGEID#: 6).

Specifically, in the original complaint, plaintiff alleges that defendant Dalton "wrote a false conduct report and a false incident report . . . and lied" by stating:  (1) that plaintiff "was mast[u]rbating at her while she was passing out lunch tr[ay]s"; (2) that she witnessed plaintiff "get in Sergeant Dillow's face in a[n] aggressive manner, while Sgt. Dillow was trying to put shackles on [him]"; and (3) that Dillow merely took plaintiff by his "arm and turned [him] around to place leg irons on [him]" and then escorted plaintiff to Unit J-2.  (*Id.*, at PAGEID#: 6, 8).  Plaintiff claims that Dalton filed those documents at "the request of Sgt. Dillow to cover up for his misconduct" in the November 24, 2015 incident.  (*Id.*, at PAGEID#: 9).  Plaintiff further alleges that defendant Cool "also covered up for Sergeant Mike Dillow, because he should have clearly s[een] how Sgt. Dillow . . . attacked [plaintiff] on the 3rd step on Unit K-3 if [Cool] truly did a use of force investigation by looking on the D.V.R. cam[e]ra, which he looked at."  (*Id.*, at PAGEID#: 9).  In addition, plaintiff avers that Cool denied him "a use of force hearing and investigation."  (*Id.*).

In the amended complaint, plaintiff further avers that on May 20, 2016, he discovered that the "D.V.R. evidence" provided during discovery in Case No. 1:15-cv-812 had been "tampered with" because gaps in the footage from "12:00:00 to 12:00:05 P.M." and "12:00:12 to 12:00:21 P.M." indicated certain scenes were deleted from the recording of the November 24, 2015 incident.  (Doc. 6, Amended Complaint, at PAGEID#: 66).  Plaintiff generally claims that one of the defendants deleted those scenes "to cover up for Sergeant Mike Dillow, if Sgt. Mike Dillow didn't do it himself."  (*Id.*).  He also states that "[t]he D.V.R. footage was reviewed and

4

passed by both Warden Erdos and Deputy Warden Cool" and that "[e]ach defendant . . . is working hand and hand to lie on me and to cover up for Sgt. Mike Dillow." (*Id.*).

The complaint and amended complaint contain a total of 16 numbered "Claims." In the original complaint, plaintiff contends in Claim Nos. 1-3, 9 and 12 that defendant Dalton is liable for failing to act or protect him from Dillow's assault, for conspiracy based on her participation in covering up the assault she witnessed, and for libelous statements that she made against plaintiff. (*See* Doc. 1, at PAGEID#: 11, 14). In Claim Nos. 4-5 and 11, plaintiff asserts that defendant Erdos is liable for failing to act or take any disciplinary action against Dillow for the assault and for negligence in the use-of-force investigation. (*Id.*, at PAGEID#: 11-12, 14). In Claim Nos. 6-8 and 10, plaintiff states that defendant Cool is liable for failing to act by overlooking Dillow's assault, for negligence by failing to provide a use-of-force hearing to plaintiff, and for conspiracy by concurring with Dillow's and Dalton's "false allegations" after watching the videotape of the incident. (*Id.*, at PAGEID#: 12, 14).

In the amended complaint, plaintiff adds four more claims against defendants Erdos and Cool. Specifically, he brings the following two additional claims against SOCF's Warden: (1) a claim of conspiracy based on the allegation that Erdos had a "duty to review and store the D.V.R. footage for [the] use of force investigation" and, therefore, "may have been the one to delete [scenes] from the D.V.R." and, at least, had to have noticed "the damaged evidence"; and (2) a "failure to act" claim based on the allegation that Erdos failed to discipline staff for tampering with the D.V.R. footage. (*See* Doc. 6, Amended Complaint, at PAGEID#: 68). Plaintiff also brings the following two additional claims against SOCF's Deputy Warden: (1) a claim of conspiracy based on the allegation that "either he, Sgt. Mike Dillow or the Warden deleted

5

scenes off [the] D.V.R. footage to cover up for Sgt. Mike Dillow," or they acted as a team to cover up the evidence against Dillow, because they were the only three people who "all of the evidence [went] through in [the] use of force investigation"; and (2) a "failure to act" claim based on the allegation that Cool "should have noticed deleted scenes in [the] use of force evidence during the investigation." (*Id.*).

In the original complaint, plaintiff has requested $100,000 in damages from each of the defendants. (Doc. 1, at PAGEID#: 15). In the amended complaint, he requests an "additional 50 thousand dollars [in damages] from both Warden Erdos and Deputy Warden Cool." (Doc. 6, Amended Complaint, at PAGEID#: 67). He further requests in the original complaint that he be transferred out of SOCF to Toledo Correctional Institution or the Ohio State Penitentiary and the issuance of an order requiring the installation of cameras at certain locations in the prison. (Doc. 1, at PAGEID#: 15).

Upon review of the complaint, as amended, and without the benefit of briefing by the parties, the undersigned concludes that the original complaint's "Claim Nos. 1-3, 9 and 12" for damages against defendant Jessica Dalton for failure to protect, conspiracy and libel are deserving of further development and may proceed at this early stage in the proceedings.[1] *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). *Cf. Garrett v. Adams*, No. 09-131941, 2010 WL

---

[1] It is noted, however, that plaintiff has not stated a viable claim under 42 U.S.C. § 1983 simply because, as alleged in the original complaint, Dalton wrote false conduct reports containing lies about plaintiff. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"); *see also Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (per curiam) (and cases cited therein) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing."). The allegation survives at this early juncture in the proceedings only to the extent that plaintiff (1) has alleged that Dalton witnessed the incident that occurred on November 24, 2015 and falsified reports of what she saw as part of a conspiracy to cover-up Dillow's use of excessive force, and (2) has brought a pendent state-law libel claim against Dalton.

6

5296841, at *6 (E.D. Mich. Nov. 5, 2010) (Report & Recommendation) (recommending denial of motion to dismiss conspiracy claim against defendant law enforcement officers who allegedly "conspired to cover-up the use of excessive force" by falsifying their reports pertaining to the plaintiff's apprehension and arrest), *adopted*, 2010 WL 5295732 (E.D. Mich. Dec. 15, 2010). The conspiracy claims alleged in the amended complaint against defendants Erdos and Cool are more tenuous and speculative, based solely on the allegation that they were the only people, besides Dillow, who could have deleted portions of the videotape recording of the use-of-force incident to cover up Dillow's misconduct in that incident. Nevertheless, out of an abundance of caution at this early stage in the proceedings, the undersigned concludes that the amended complaint's conspiracy claims against defendants Erdos and Cool may also proceed. However, all other claims alleged in the complaint and amended complaint against those two supervisory officials should be dismissed for failure to state a claim upon which relief may be granted by this Court.

Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d

7

121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").

In the remaining "Claims" brought against SOCF's Warden, plaintiff alleges that Erdos should be held liable for negligence in the use-of-force investigation, for failing to act or take any disciplinary action against the correctional officer who allegedly assaulted plaintiff on November 24, 2015, and for failing to discipline staff for tampering with the video recording of the incident. (*See* Doc. 1, at PAGEID#: 11-12, 14; Doc. 6, Amended Complaint, at PAGEID#: 68).  Plaintiff also asserts similar claims against SOCF's Deputy Warden, defendant Cool, based on Cool's alleged failure to act and negligence in the use-of-force investigation.   (*See id.*, at PAGEID#: 12, 14; Doc. 6, Amended Complaint, at PAGEID#: 68).  However, mere negligence is insufficient to state a claim of constitutional dimension under § 1983.  *See, e.g., Warren v. Doe,* 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983"). *Cf. Quinn v. Esham*, No. 1:13cv864, 2014 WL 4774604, at *2 (S.D. Ohio July 23, 2014) (Bowman, M.J.) (Report & Recommendation) (pointing out that the plaintiff's original allegations of "negligent behavior" by prison staff "failed to state any claim under § 1983 and therefore were subject to dismissal at the screening stage"), *adopted*, 2014 WL 4774621 (S.D. Ohio Sept. 24, 2014) (Weber, J.); *Sexton v. Neil*, No. 1:14cv26, 2014 WL 1418298, *1, *5 (S.D. Ohio Apr. 14, 2014) (Dlott, J.;

8

Bowman, M.J.) (dismissing at screening stage claims of "negligence" by defendants in failing to protect the plaintiff from inmate assault).  Moreover, plaintiff has not alleged any facts even remotely suggesting that Erdos or Cool directly participated in or encouraged the use-of-force incident that occurred on November 24, 2015.  Therefore, they cannot be held vicariously liable under § 1983 based on the theory of negligent supervision or *respondeat superior* for failing to take any corrective action after learning of the incident.  *Cf. Hughes v. Donini*, No. 1:13cv569, 2013 WL 5521671, at *1, *3 (S.D. Ohio Oct. 3, 2013) (Dlott, J.; Bowman, M.J.) (and cases cited therein) (dismissing the complaint at the screening stage to the extent that the plaintiff suggested that the defendants "may be held liable for damages under § 1983 simply on the basis of . . . 'negligent supervision'"); *see also Chappell v. Morgan,* No. 2:15cv1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (citing *Shehee*, 199 F.3d at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016).

In addition, in the original complaint, plaintiff has alleged that defendant Cool should be held liable for "conspiracy" to the extent that Cool concurred, instead of disagreed, with "false allegations" made by correctional officers Dillow and Dalton after watching the videotape of the incident and refused to refer plaintiff "to a use of force committee."  (*See* Doc. 1, at PAGEID#: 12).  However, in the absence of any allegations that Cool had first-hand, personal knowledge either as a witness to or participant in the use-of-force incident that occurred on November 24,

9

2015, the fact that he concurred with the correctional officers' account of the incident after viewing a videotape recording is insufficient, and simply too speculative, to support the inference that Cool conspired with the two officers to cover-up the incident. Therefore, only the conspiracy claim alleged in the amended complaint against Cool should be allowed to proceed.

Accordingly, in sum, plaintiff may proceed with the following claims for damages against the defendants in their individual capacities: the original complaint's "Claim Nos. 1-3, 9 and 12" alleged against defendant Dalton; and the conspiracy claims alleged in the amended complaint against defendants Erdos and Cool. However, it is **RECOMMENDED** that all other claims alleged against defendants Erdos and Cool in the complaint and amended complaint be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted by this Court. It is **FURTHER RECOMMENDED** that because the claims that have been allowed to proceed are closely tied to claims that are currently pending before the undersigned and District Judge Timothy S. Black in the related case filed by plaintiff (Case No. 1:15-cv-812), the instant case should be transferred to District Judge Timothy S. Black and remain with the undersigned for all further proceedings.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Except for plaintiff's claims of conspiracy alleged in the amended complaint against defendants Erdos and Cool, all other claims alleged in the complaint and amended complaint against those defendants should be dismissed for failure to state a claim upon which relief may be granted by this Court.

2. Because the claims that have been allowed to proceed are closely tied to claims that are currently pending before the undersigned and District Judge Timothy S. Black in the

related case filed by plaintiff (Case No. 1:15-cv-812), the instant case should be transferred to District Judge Timothy S. Black and remain with the undersigned for all further proceedings.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may proceed with the following "Claims" for damages against the defendants in their individual capacities:  the original complaint's "Claim Nos. 1-3, 9 and 12" alleged against defendant Dalton; and the conspiracy claims alleged in the amended complaint against defendants Erdos and Cool.  The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Jessica Dalton, Warden Erdos and Deputy Warden Cool as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                 *s/Stephanie K. Bowman*
                 Stephanie K. Bowman
                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ULIOUS BROOKS,  
    Plaintiff,

vs.

JESSICA DALTON, et al.,  
    Defendants.

Case No. 1:16-cv-564

Barrett, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc