UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

v.

JESSICA DALTON, et al.,

    Defendants.

Case No. 1:16-cv-564
Black, J.
Bowman, M.J.

**MEMORANDUM ORDER**

Plaintiff, an SOCF inmate, is an experienced litigant, having filed two petitions for writs of habeas corpus and five civil suits in this Court alone concerning conditions of his confinement, as well as numerous state court lawsuits. The above-captioned case relates closely to a prior case filed by Plaintiff, Case No. 1:15-cv-812. In Case No. 1:15-cv-812, Plaintiff alleged that Correctional Officer Dillow used excessive force against him in November 2015, and retaliated against him thereafter.

Several motions are pending in the above-captioned case. However, the recent dismissal of all of Plaintiff's claims in Case No. 1:15-cv-812 may impact all claims presently asserted in this case, as discussed below.

**I.    Background**

In this case, Plaintiff filed multiple claims against three Defendants (Officer Dalton, Warden Erdos, and Deputy Warden Cool), based upon evidence submitted in response to Plaintiff's discovery requests in related Case No. 1:15-cv-812. Specifically,

Plaintiff alleges herein that Defendant Jessica Dalton "wrote a false conduct report and a false incident report ….and lied" about the incident that occurred between Dillow and Plaintiff in November 2015, allegedly "at the request of Sgt. Dillow to cover up for his misconduct." (Doc. 1, at PageID 6, 8-9). In Claim Nos. 1-3, 9 and 12, Plaintiff alleges that Defendant Dalton is liable for failing to act or to protect him from Dillow's assault, for conspiracy based on her participation in covering up the assault she witnessed, and for libelous statements that she made against Plaintiff. (Doc. 1, at PageID 11, 14).

In an amended complaint, Plaintiff alleges that he discovered that the videotaped evidence produced in Case No. 1:15-cv-812 concerning the incident with Dillow had been "tampered with" based upon two brief gaps in the footage, including a 4-5 second gap and a second 6-9 second gap. Plaintiff alleges in the amended complaint that Defendant Erdos had a "duty to review and store the D.V.R. footage" and therefore "may have been the one to delete [scenes] from the D.V.R." and a "failure to act" claim based upon an allegation that Erdos failed to discipline staff for tampering with the videotaped footage. (Doc. 6, at PageID 68). Plaintiff also alleged in his amended complaint that either Dillow, or Defendant Cool, or both, caused the deletion of seconds from the videotaped footage or "acted as a team to cover up the evidence against Dillow," and that Cool also "failed to act" because Cool should have noticed the gaps in the videotape during the excessive force investigation.

The undersigned held that Plaintiff could not state a claim against Defendant Dalton based upon her allegedly false conduct reports against Plaintiff, but nevertheless permitted some of Plaintiff's claims to proceed against Dalton on initial screening:

2

> Upon review of the complaint, as amended, and without the benefit of briefing by the parties, the undersigned concludes that the original complaint's "Claim Nos. 1-3, 9 and 12" for damages against defendant Jessica Dalton for failure to protect, conspiracy and libel are deserving of further development and may proceed at this early stage in the proceedings.

(Doc. 8, R&R at 6, PageID 83). The undersigned clarified that Plaintiff's allegations concerning the allegedly false conduct report survived "only to the extent that plaintiff (1) has alleged that Dalton witnessed the incident that occurred on November 24, 2015 and falsified reports of what she saw as part of a conspiracy to cover-up Dillow's use of excessive force, and (2) has brought a pendent state-law libel claim against Dalton." (*Id.* at n.1).

Most of the claims that Plaintiff alleged against Defendants Erdos and Cool were dismissed on initial screening, including all of the claims that Plaintiff alleged against those two Defendants in his original complaint. However, the undersigned permitted a "conspiracy" claim in Plaintiff's amended complaint to proceed beyond screening, despite describing the claim as "tenuous and speculative":

> The conspiracy claims alleged in the amended complaint against defendants Erdos and Cool are more tenuous and speculative, based solely on the allegation that they were the only people, besides Dillow, who could have deleted portions of the videotape recording of the use-of-force incident to cover up Dillow's misconduct in that incident. Nevertheless, out of an abundance of caution at this early stage in the proceedings, the undersigned concludes that the amended complaint's conspiracy claims against defendants Erdos and Cool may also proceed. However, all other claims alleged in the complaint and amended complaint against those two supervisory officials should be dismissed for failure to state a claim upon which relief may be granted by this Court.

(Doc. 8 at 7, PageID 84).

3

Subsequent developments in the closely related Case No. 15-cv-812 now draw into question the continuing viability of all of Plaintiff's claims in this case. On November 2, 2016, the undersigned filed a Report and Recommendation that recommended granting judgment to Defendant Dillow as a matter of law on all claims. Plaintiff filed no timely objections to that R&R. On December 2, 2016, the presiding district judge adopted the R&R and granted judgment to Dillow, dismissing all claims of excessive force as well as Plaintiff's claims of retaliation. The Court agreed with the determination of the undersigned that "no reasonable trier of fact could conclude that the force used by [Dillow] objectively rose to the level of a constitutional violation," as the "force of which Plaintiff complains was brief and *de minimis*." (Doc. 74 in Case No. 1:15-cv-812, at PageID 498).

> The record …presents a nearly textbook example of an inmate who complains of a "push or shove" that has caused no discernible injury. In addition to failing to so much as allege any injury, the record confirms that Plaintiff suffered no injury as a result of the Defendant placing him against the wall on two occasions (on the stairway and in the corridor), or as a result of the force allegedly used by Defendant "pushing" and/or "rushing" Plaintiff down the hallway during part of the escort.

(*Id.* at PageID 501, citing *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010)).

In granting summary judgment to the Defendant in Case No. 15-cv-812, the Court examined the momentary gaps in the videotaped footage of the November 24, 2015 incident between Dillow and Plaintiff. Two gaps were observed – a 4-5 second gap beginning at 12:00:00, and a second gap of approximately 6 seconds beginning at 12:00:13. In the prior case, the Defendant offered a credible explanation for both of the

4

two short time gaps, supported by evidence. Though Plaintiff generally disputed the Defendant's explanation, he offered no contrary evidence.[1]

In its opinion granting summary judgment, this Court ultimately found the two short gaps to be immaterial to any fact relating to Plaintiff's excessive use of force claim. With respect to the first gap, the undersigned wrote:

> There is a gap in the video record from 12:00:00 until 12:00:05, during which the parties do not appear to have moved from their positions. The technical basis for the 4-5 second gap has been explained by an affidavit offered by Defendant. (Doc. 58-7). While Plaintiff disputes the Defendant's technical explanation, the undersigned concludes that the gap is not material. Plaintiff alleges only one interaction that occurred on the stairwell in which he alleges that Defendant "rammed" him against the wall and pushed and/or "rushed" Plaintiff down the stairs. The entirety of the actions about which Plaintiff complains are fully reflected in the video.

(Doc. 74, at 23, n. 9, PageID 504). With respect to the second lapse, the undersigned similarly wrote: "No significant change in the parties' positions occurs during that 6-second interval, (12:00:13 to 12:00:19), and Plaintiff does not allege any further force was employed on the stairs, other than rushing him down the last few stairs." Thus, because no relevant portion of Plaintiff's excessive force claim occurred during the extremely short time gaps in the videotape recordings, the allegedly "deleted" seconds of videotape were not material. Summary judgment was granted to Defendant Dillow based upon this Court's conclusion that no material facts remained in dispute, and that the force employed did not violate Constitutional standards as a matter of law. (Docs. 74, 85).

[1]The technical explanation for both time gaps is that the camera was set to a "sensitivity level…too low to detect only movement of Correctional Officer Mike Dillow's lips," meaning that the camera momentarily turned off when it did not detect physical body movement. (Case No. 1:15-cv-812, Doc. 58-7, PageID 379).

At the time the above-captioned related case was first filed, discovery in Case No. 1:15-cv-812 was still ongoing and Defendant Dillow had not yet filed his motion for summary judgment. Therefore, on initial screening of the instant complaint, the undersigned was bound to assume the veracity of Plaintiff's allegations, including but not limited to the underlying premise that Sergeant Dillow (who is not a party herein) had in fact violated Plaintiff's constitutional rights by using excessive force against Plaintiff on November 24, 2015.

The grant of summary judgment on all excessive force claims to Defendant Dillow in Case No. 1:15-cv-812 significantly impacts the original interpretation of Plaintiff's allegations in the instant case. Because this Court has now determined as a matter of law that no excessive force by Dillow occurred, and that the "missing" seconds of videotape were irrelevant to the excessive force claim, the underpinnings of Plaintiff's claims against Defendants Dalton, Erdos, and Cool in this case are also suspect. Frankly, it is difficult to conceive of any continuing "failure to protect" claim or conspiracy claims against any of the three Defendants identified in the instant case given that the Court has already determined that Dillow did not engage in excessive force against Plaintiff on November 24, 2015. The undersigned is not aware of any constitutional duty to preserve immaterial videotaped evidence, or precisely how a conspiracy claim could arise concerning the alleged destruction of immaterial evidence.

While it is appropriate to take judicial notice of the potential impact of the change in the posture of the now-dismissed underlying case on which the instant case is based, the undersigned is reluctant to *sua sponte* issue any dispositive rulings in the above-captioned case without allowing time for briefing by both parties. This is particularly true

because Plaintiff in this case has already filed two dispositive motions in this case, to which Defendants have yet to file any response.

## II. Pending Motions

In other cases filed by Plaintiff and most recently in Case No. 15-cv-812, the undersigned has noted the "frenetic pace of filing what have frequently been determined to be frivolous and/or procedurally improper documents and motions." (Doc. 74 in Case No. 1:15-cv-812 at PageID 483). Plaintiff exhibits a similar pace of filing in the above-captioned case.

On October 27, 2016, Plaintiff filed his first 4-page motion for summary judgment, arguing that he is entitled to judgment against Defendant Dalton based upon the discrepancies between her statement and/or conduct report and statements given by Defendant Dillow in Case No. 1:15-cv-812. Plaintiff argues that because Dalton was present, there is no dispute that she "failed to act, and to protect [Plaintiff] from being attacked by Mike Dillow." (Doc. 20 at 2, PageID 133). Similarly, Plaintiff relies on discovery responses filed in Case No. 1:15-cv-812 to support his allegations that Defendants Erdos and Cool must have reviewed the videotaped evidence, and therefore are responsible for conspiring to "destroy evidence" insofar as the videotape indisputably contains brief time gaps.

On the same October 27, 2016 date, Plaintiff filed a "motion for sanctions based off spoliation," which again is based upon the gaps in the videotaped evidence, arguing that an unidentified SOCF employee must have worked in concert with non-party Dillow to delete the referenced seconds. Plaintiff seeks "for this Court to draw an adverse inference based on spoliation" including the grant of summary judgment against

7

Defendant Dalton. (Doc. 21). On the same date, Plaintiff filed a third motion, seeking a "court appointed expert" under Federal Rule 706 in order to examine the videotape and determine "whether the D.V.R. videotape was purposely tampered with," resulting in the referenced brief gaps in the recordings of November 24, 2015. (Doc. 22).

Defendants have filed a response to the latter two motions. In their response, filed shortly after the R&R was filed by the undersigned that recommended dismissal of all claims in Case No. 1:15-cv-812, Defendants point out that Plaintiff filed the same motions in the prior case. However, in Case No. 1:15-cv-812, the Court denied both motions as moot in light of the dismissal of the underlying claims, and the conclusion that the "missing" seconds of videotape were immaterial to Plaintiff's excessive force claims against Dillow. (Doc. 74). The undersigned agrees that the motions should likewise be denied in this case.

On October 28, 2016, Plaintiff filed a second motion for summary judgment on his slander and libel claim against Defendant Dalton. Like his first motion for summary judgment, this 3-page motion seeks judgment in Plaintiff's favor based solely upon alleged discrepancies between statements provided in discovery responses submitted in Case No. 1:15-cv-812 by Dillow and those submitted by Dalton. (Doc. 23). The referenced discovery responses from the prior case are attached as exhibits to the motion.

On November 17, 2016, Defendants Dalton, Cool, and Erdos filed a motion seeking an extension of time, until either April 1 or June 1, 2017,[2] to respond to

---

[2] The calendar order in this case sets forth a discovery deadline of April 3, 2017, and a dispositive motion deadline, for motions not directed to the pleadings, of June 1, 2017. Defendant's motion for an extension

Plaintiff's two pending motions for summary judgment. As grounds for such an extension of up to seven months, Defendants point out that discovery began only in September in the above-captioned case. Defendants express an intent to file their own counter-motion for summary judgment at the conclusion of discovery, and cite to counsel's heavy work-load as the reason why rushing the completion of discovery in this case is impractical.[3]

Given the current posture of this case as it relates to the now-dismissed earlier case, and the discovery previously conducted in Case No. 1:15-cv-812 (on which Plaintiff's two motions solely rely), it is unclear what additional discovery would be needed to respond to Plaintiff's motions. Still, Defendants should be permitted to take some discovery, <u>to the extent needed</u>, prior to being required to respond. However, the length of the extension following the April 2017 close of discovery is excessive based upon this Court's preliminary review of the limited evidence offered to support Plaintiff's two short motions. The probable impact of the dismissal of all claims in Case No. 1:15-cv-812 only adds to the Court's concern with the length of the proposed extension. Also, in view of Plaintiff's demonstrated propensity to file motions at a frenetic pace, and Defendants' customary obligation to respond, a seven month extension to respond to the pending dispositive motions could prove counterproductive to defense counsel's already heavy work-load, not to mention the workload of this Court.

---

of time refers to both April and June dates, but based upon the reference to the dispositive motion deadline, is presumed to seek an extension through June 1.

[3]The same defense counsel in the instant case represented Sgt. Dillow in the closely related and now dismissed Case No. 1:15-cv-812.

On December 5, 2016, Plaintiff filed a formal motion to submit additional evidence in support of his motion for summary judgment concerning his slander, libel and conspiracy claims against Defendant Dalton. (Doc. 26). Plaintiff has tendered the additional evidence as an exhibit. The attachment includes a copy of the conduct report authored by Dalton, which Plaintiff alleges is demonstrably false based upon the absence of a case number written on it.

Last, Plaintiff has filed two "declarations" which will not be considered by this Court as they are procedurally improper. (Docs. 27, 28).

### III.     Conclusion and Order

For the reasons discussed herein, **IT IS ORDERED THAT:**

1. Plaintiff's motion for leave to file additional evidence in support of his motion for summary judgment against Defendant Dalton (Doc. 26) is GRANTED, with the attached exhibits to be considered in support of his prior motion (Doc. 23);

2. Plaintiff's two motions for summary judgment, filed October 27, 2016 and October 28, 2016 (Docs. 20, 23) shall be **HELD IN ABEYANCE** at this time pending Defendants' response;

3. Plaintiff's motions for a court-appointed expert and for sanctions based upon alleged spoliation (Docs. 21, 22) are **DENIED** as moot for the reasons stated in Defendant's response in opposition, and in light of the Court's prior denial of the same motions in Case No. 1:15-cv-812;

4. Defendants' Rule 56(d) motion to extend time to respond to Plaintiff's two motions for summary judgment (Doc. 24) is **GRANTED** in part. Based upon

the limited nature of the motions and the discovery deadline of April 3 in this case, Defendants shall file any response on or before **April 17, 2017**;

5. To the extent that the dismissal of closely related Case No. 1:15-cv-812 appears highly likely to impact some if not all of the claims asserted in this case, Defendants are encouraged to file any appropriate motion relating to the prior case <u>at their earliest convenience.</u>

<u>*s/ Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge